UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BELFOR USA GROUP, INC.,

                Plaintiff,                Case Number 12-13966
v.                                        Honorable David M. Lawson
                                              Magistrate Judge Michael J. Hluchaniuk
RAINIER ASSET MANAGEMENT
COMPANY, LLC, SUNWEST RELIANCE
ACQUISITION GROUP, INC., and
RAINIER SUNWEST PORTFOLIO 1, L.P.,

                Defendants.
_____/

**OPINION AND ORDER GRANTING MOTION TO DISMISS BY
DEFENDANT RAINIER SUNWEST PORTFOLIO I, L.P., DENYING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,
AND DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Belfor USA Group, Inc. sued three defendants in state court to collect amounts due under a contract to repair storm damage to buildings located in Oklahoma. The defendants are Sunwest Reliance Acquisition Group, Inc., Rainier Sunwest Portfolio I, L.P., and Rainier Asset Management Company, LLC, all of which are located in Texas and Oklahoma. Defendant Rainier Sunwest removed the case to this Court and Rainier Asset Management consented to the removal. Defendant Rainier Sunwest filed a motion to dismiss for want of personal jurisdiction, Defendants Sunwest Reliance and Rainier Asset Management have not responded to the complaint, and the Clerk has entered the default of the former. Presently before the Court are Rainier Sunwest's motion to dismiss and the plaintiff's motion for default judgment against defendant Sunwest Reliance. The plaintiff has filed a response to the motion to dismiss and Rainier Sunwest has replied. The Court has reviewed the pleadings and motion papers and finds that the papers adequately set forth the relevant facts and law and oral argument will not aid in the disposition of the motion. Therefore,

it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2). The hearing previously scheduled for November 15, 2012 is **CANCELLED**.

The Court finds that it lacks personal jurisdiction over the defendants. The plaintiff has not offered any facts to show that it is reasonable to exercise jurisdiction over these parties. Although two of the defendants are in default — one technically and one formally — the Court finds that it would not be appropriate to proceed against them, since defects in personal jurisdiction generally are not waived by the failure to respond, and the defendant later may challenge a judgment entered against it as void by motion under Federal Rule of Civil Procedure 60(b)(4). The Court also finds that the interests of justice do not favor transfer of the case to another district. Therefore, the Court will grant defendant Rainier Sunwest's motion to dismiss and dismiss the complaint without prejudice as to all parties.

I.

According to the complaint, plaintiff Belfor provides disaster recovery, cleanup, and reconstruction services to domestic and international customers. The company is incorporated in Colorado and has its principal place of business in Michigan. The defendants — all companies incorporated and located in Texas — own several commercial properties in Oklahoma.

In May 2010, the defendants' Oklahoma properties suffered roof damage from a storm, and the owners contacted Belfor to solicit repair work on the roofs. In September 2010, the defendants' property manager, Emersons Commercial Management US, LLC, signed a contract on their behalf to have Belfor make the repairs. The contract included a clause assigning to Belfor any insurance proceeds. Belfor's Oklahoma division repaired the properties as agreed, and Belfor sent invoices to Emersons and Rainier Sunwest totaling more than $1 million. The invoices instructed the

defendants to remit payment to Belfor at locations in Oklahoma City and Tulsa, Oklahoma. The defendants paid less than half the amount billed, and Belfor has now sued for the balance of $620,748.19.

Belfor asserts that the defendants received their insurance proceeds, but rather than forwarding payment to Belfor as agreed, the defendants kept the money. Belfor says that action amounts to conversion. The defendants also refinanced the properties after repairs were made, without paying the amount due to Belfor. In its complaint, Belfor alleges breach, conversion, unjust enrichment, and an action on account stated.

It appears to be undisputed that all of the repair work occurred in Oklahoma. The defendants are members of an interlocking nest of property and asset management corporations, partnerships, and LLCs and at bottom are all incorporated and domiciled in Texas. As evidence of the defendants' connection to Michigan, Belfor presents (1) the contract signed by Emersons, which shows Belfor's Michigan and Oklahoma business addresses at the bottom; and (2) a string of emails between principals of the defendants and Belfor's legal counsel in Michigan dated September 9, 2011 through May 14, 2012, apparently reflecting attempts to resolve the delinquent payment.

On June 13, 2012, Belfor filed its complaint against Rainier Asset Management, Sunwest Reliance, and Emersons Commercial Management US, LLC in the Oakland County, Michigan circuit court. Belfor served Rainier Asset Management on June 14, 2012 and served Emersons and Sunwest on June 18th. On August 2, 2012, Belfor filed an amended complaint adding Rainier Sunwest Portfolio I, L.P. as a party and dropping Emersons. Belfor served Rainier Sunwest on August 10, 2012. On September 10, 2012, Rainier Sunwest filed its notice of removal.

On September 17, 2012, Rainier Sunwest filed its motion to dismiss or transfer. No defendant has filed an answer to the complaint. On September 21, 2012, the Clerk entered the default of Sunwest Reliance, at Belfor's request. On October 3, 2012, Belfor filed its motion for default judgment against Sunwest Reliance.

On October 26, 2012, the Court entered an order deleting Emersons as a party, because the amended complaint did not name Emersons and asserted no claims against it.

II.

Rainier Sunwest alleges in its motion that this Court lacks personal jurisdiction over it because it has no connection to Michigan, and the entire subject matter of the case is focused in Oklahoma, where the repaired buildings are located, or alternatively in Texas, where the defendants are domiciled. The plaintiff argues that the defendants' appropriation of insurance proceeds previously assigned to the plaintiff amounts to conversion, which is a tort whose effects are felt in Michigan, and therefore there are sufficient minimum contacts to support an argument for personal jurisdiction over the defendants. Rainier Sunwest argues in the alternative that venue is not proper in Michigan, and therefore the case should be transferred to the judicial district in which it is located, that is, to Texas.

A.

"The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979).

In a motion to dismiss for want of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff has the burden of proving the court's jurisdiction over the

defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). However,

> [w]here, as here, the district court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is "relatively slight," *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988), and "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). In that instance, the pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh "the controverting assertions of the party seeking dismissal." *Id.* at 1459.

*Air Prods. & Controls, Inc. v. Safetech Int'l., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). A plaintiff "can meet this burden by 'establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction.' " *Neogen*, 282 F.3d at 887 (internal citations omitted).

In a diversity case, "'[t]he exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements.'" *Gerber v. Riordan*, 649 F.3d 514, 517 (6th Cir. 2011) (quoting *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000)). The Sixth Circuit has explained that "[w]here the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Bridgeport Music, Inc. v. Still N The Water Publ'g,* 327 F.3d 472, 477 (6th Cir. 2003) (per curiam) (internal citations omitted). "[T]his Circuit historically has understood Michigan to intend its long-arm statute to extend to the boundaries of the [F]ourteenth [A]mendment." *Theunissen*, 935 F.2d at 1462; *see also Green v.*

*Wilson,* 455 Mich. 342, 350-51, 565 N.W.2d 813, 816-17 (1997) (stating that "[t]he long-arm statute is coextensive with due process insofar as the statute is limited by due process, and, therefore, the statute and due process share the same outer boundary" (citing *Sifers v. Horen,* 385 Mich. 195, 188 N.W.2d 623 (1971))). In Michigan, jurisdiction may be asserted over a corporation on the basis of general personal jurisdiction, *see* Mich. Comp. Laws § 600.711, or limited personal jurisdiction, *see* Mich. Comp. Laws § 600.715. Belfor concedes that the Court cannot exercise general personal jurisdiction over the defendants, but argues that the Court has limited personal jurisdiction arising from the repair and restoration contract at issue in the case and the conversion of the insurance funds.

Limited personal jurisdiction may be exercised over a defendant who has certain minimum contacts with the forum over claims that arise from or relate to those contacts. *Theunissen*, 935 F.2d at 1459-61. Under the Michigan statute, limited personal jurisdiction may be exercised over a corporation that has one of the following relationships with the state:

> (1) The transaction of any business within the state.
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

Mich. Comp. Laws § 600.715. A single contact with the forum state may suffice for personal jurisdiction if it is directly and substantially related to the plaintiff's claim. *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998). The Sixth Circuit has explained that the "transaction of any business" clause is quite broad:

> [T]he Michigan Supreme Court stated that "[t]he word 'any' means just what it says. It includes 'each' and 'every.' . . . It comprehends the 'slightest.' " *Lanier v. Am. Board of Endodontics*, 843 F.2d 901, 905-06 (6th Cir. 1988) (quoting *Sifers v. Horen*, 385 Mich. 195, 199 n.2, 188 N.W.2d 623, 624 n.2 (1971)). This construction applies with equal force to section 705. *Hertzberg & Noveck v. Spoon*, 681 F.2d 474, 478 (6th Cir. 1982).

*Theunissen*, 935 F.2d at 1463-64. The transaction of business includes "contact with Michigan customers through the mail and the wires." *Neogen*, 282 F.3d at 892 (citing *Sifers v. Horen*, 385 Mich. 195, 188 N.W.2d 623 (1971)).

The due process requirements parallel to some extent the terms of the statute. The Sixth Circuit has identified three considerations to determine whether limited personal jurisdiction extends to a defendant in a particular case:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011) (internal quotations omitted); *see also Neogen Corp.*, 282 F.3d at 890 (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

The Sixth Circuit "views the purposeful availment prong of the *Southern Machine* test as 'essential' to a finding of personal jurisdiction." *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005) (citing *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000)). "Purposeful availment" occurs when "the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a "substantial connection" with the forum State.' " *Neogen Corp.*, 282 F.3d at 889 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). That requirement "ensures that a defendant will not be haled into a jurisdiction solely as

-7-

a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Ibid.* (quoting *Burger King*, 471 U.S. at 475).

The plaintiff points to two facets of this case that amount to purposeful availment of a Michigan forum by the defendants. The first is the solicitation of the plaintiff to perform restoration services and the execution of the contract. However, by themselves, those acts do not connect the defendants to Michigan. There are no facts in this record that intimate that the defendants contacted the plaintiff at its Michigan office. The contract documentation, in fact, suggests otherwise. The contract contains both Michigan and Oklahoma addresses for Belfor, and the invoices contain remittance instructions directing payment to its Oklahoma offices. In addition, it appears to be undisputed that all the damaged properties are in Oklahoma; all the work was done in Oklahoma by Belfor's Oklahoma office; and all the people that did the work are in Oklahoma.

Moreover, the mere act of entering into a contract with a party in a state is insufficient to establish purposeful availment. *Burger King*, 471 U.S. at 478. The law is clear that the act of an out-of-state entity contracting with an in-state entity, and undertaking communication related to that contract, does not constitute purposeful availment of the forum state for an action based on the breach of that contract. Instead, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . . must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." *Id.* at 479. "The acts of making phone calls and sending facsimiles into the forum, standing alone, may be sufficient to confer jurisdiction on the foreign defendant where the phone calls and faxes form the bases for the action." *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001) (holding that sending fraudulent communications into a forum state constituted purposeful availment).

Ultimately, though, "[i]t is the quality of the contacts, not the quantity, [that] determines whether they constitute 'purposeful availment.'" *Ibid.* (citing *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1301 (6th Cir. 1989)). For again, "telephone calls and letters on which the plaintiff's claim of jurisdiction primarily depends [can also] strike . . . as precisely the sort of 'random,' 'fortuitous' and 'attenuated' contacts that the *Burger King* Court rejected as a basis for haling non-resident defendants into foreign jurisdictions." *LAK, Inc.*, 885 F.2d at 1301. The plaintiff has not described any of the pre-contract contacts with the defendants, and therefore there is nothing in the record from which to conclude that any such contacts with the plaintiff even occurred.

The second feature on which the plaintiff relies is the email string between the defendants' representative in Texas and plaintiff's legal counsel in Michigan that discussed the defendants' obligation to pay the balance of the invoice. Although the defendants readily admitted the amount owed, the messages did not bring about any tort whose consequences took effect in Michigan. If such a tort was committed, it occurred beforehand. It also appears that the collection effort was initiated by the Michigan attorney. In that respect, the Sixth Circuit "has found that contacts lack quality when they are initiated by the plaintiff rather than the defendant, in part because '[t]he unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum.'" *Air Products & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 552 (6th Cir. 2007) (quoting *LAK, Inc.*, 885 F.2d at 1301 and *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)). Further, "[m]ere awareness that [plaintiff] and its legal counsel were from Michigan clearly [is] not enough." *LAK, Inc.*, 885 F.2d at 1302.

The plaintiff argues that the promises to pay the balance of the invoices were nothing more than a setup for conversion and a fraud perpetrated on the plaintiff in Michigan. However, that gloss

does not square with the timing of events. All of the email conversation appears to have occurred after the work was performed, the insurance proceeds were sent to the defendants, and the money had become due. All that was left was for the defendants to pay their bill, and the email messages could not have caused the plaintiff to alter its course of conduct toward the defendants. The only damage suffered by the plaintiff, albeit substantial, was nonpayment. "'[T]he locus of . . . a monetary injury is immaterial, as long as the obligation did not arise from 'a privilege the defendant exercised in the forum state.'" *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 151 (6th Cir. 1997) (quoting *LAK, Inc.*, 885 F.2d at 1301). And, as noted earlier, the monetary injury could just as easily have been in Oklahoma, which is where the invoices directed payment.

The plaintiff also argues that the project involved a continuing relationship between the parties, which signified the defendants' intention to avail itself of an ongoing relationship with a Michigan company. It is true that "parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King*, 471 U.S. at 473 (internal quotation omitted). However, the plaintiff has pleaded no facts that support the inference of a continuing relationship. Rather, one of the email messages contradicts that conclusion, because Belfor's attorney rejected an overture by Rainier Capital's president, J. Kenneth Dunn, to take on more work repairing storm damage at one of its Dallas properties.

Belfor has shown at most only that Rainier (or its agent Emersons) signed a contract with Belfor to have repair work done in Oklahoma, and that Rainier knew that Belfor was "headquartered in Michigan," based on the Michigan address stated on the work authorization form and a few emails sent between Rainier principals and Belfor's counsel in Michigan. That is not enough. The Court

concludes that Belfor has not shown that the exercise of personal jurisdiction over Rainier Sunwest would be proper, because (1) Rainier Sunwest lacks sufficient minimum contacts with the State of Michigan; and (2) Rainier has not established a substantial connection with the State of Michigan sufficient to make the exercise of personal jurisdiction by the Court fair and reasonable.

B.

Generally the Court is required to dismiss any case filed in the wrong jurisdiction, but it has discretion to "transfer such [a] case to any district or division in which it could have been brought." 28 U.S.C. § 1406. Transfer is appropriate under section 1406(a) where "a case [is filed] laying venue in the wrong division or district." In this Circuit, section "1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction." *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980).

The options to dismiss or transfer are to be exercised by the district court as a matter of its discretion. The Supreme Court has explained that section 1406 provides district courts discretion to transfer rather than dismiss in order to remedy the "injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). However, the Sixth Circuit has concluded that "the *Goldlawr* court cannot have intended that dismissal of a complaint filed, deliberately or carelessly, in the wrong district should be excused as a justice-defeating technicality." *Stanifer v. Brannan*, 564 F.3d 455, 459 (6th Cir. 2009) (citing *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993) (holding that transfer under section 1406 is inappropriate "where a plaintiff's attorney file[d] in the

wrong jurisdiction not 'because they . . . made an erroneous guess with regard to an elusive fact,' but because he/she made an obvious error")); *see also Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *Spar, Inc. v. Information Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) ("[A] transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice."). Further, the Sixth Circuit has explained that transfer is appropriate only when there is "an assertion of subject-matter or personal jurisdiction that provided some arguable basis for thinking that the action was properly brought in the district in which it was originally filed." *Stanifer*, 564 F.3d at 460.

In this case, the main facts are virtually uncontested. The Court cannot discern any contested or elusive fact by which the plaintiff was misled that would have suggested personal jurisdiction over the defendants could have existed in this district. Everything in this case, except the plaintiff's headquarters and its legal staff, is located in either Oklahoma or Texas. The Court finds no basis upon which to exercise its discretion to transfer the case instead of dismiss it.

C.

Once Rainier Sunwest is dismissed, defendants Sunwest Reliance Acquisition Group, Inc., and Rainier Asset Management Company, LLC, will remain. Neither has responded to the complaint, and the Clerk has entered the default of Sunwest Reliance. The Court sees little point to entering a default judgment against Sunwest Reliance or continuing the case against Rainier Asset Management, however, because there is no basis in the present record to support a finding of personal jurisdiction over them.

A judgment by default against either of those defendants likely would not hold up. Although a defendant may waive or forfeit the defense of lack of personal jurisdiction by various affirmative

acts (e.g., by making a general appearance or filing an answer and not raising the defense), failure to appear at all does not waive the defense, and the defendant may later challenge the judgment as void under Federal Rule of Civil Procedure 60(b)(4). As the Sixth Circuit explained:

> [C]ourts have generally held that "[d]efects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." *Williams v. Life Saving and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986). *See also Hugel v. McNell*, 886 F.2d 1, 3 n.3 (1st Cir. 1989) ("[defendants] made no appearance prior to final judgment and thus never waived the defense of lack of personal jurisdiction"); *Pacific Atlantic Trading Co. v. M/V Main Exp.*, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment entered without personal jurisdiction is void). The [defendant] did not file a responsive pleading or enter a general appearance. Accordingly, the district court incorrectly decided that the [defendant] waived its personal jurisdiction defense by failing to appear until after the default judgment was entered.

*Reynolds v. Int'l Amateur Athletic Federation*, 23 F.3d 1110, 1120-21 (6th Cir. 1994).

The Court believes, therefore, that the better course is to dismiss the case without prejudice against all the defendants and permit the plaintiff to pursue its claim by filing a complaint in the proper forum.

### III.

The plaintiff has not established that the Court has personal jurisdiction over any of the defendants in this case. Transferring the case is not an appropriate exercise of the Court's discretion. Absent personal jurisdiction, entry of a default judgment against one of the defendants is not prudent.

Accordingly, it is **ORDERED** that the motion to dismiss by defendant Rainier Sunwest Portfolio I, L.P. [dkt. #4] is **GRANTED**.

It is further **ORDERED** that the plaintiff's motion for default judgment [dkt. #12] is **DENIED**.

It is further **ORDERED** that the amended complaint is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the motion hearing scheduled for November 15, 2012 is **CANCELLED**.

It is further **ORDERED** that the order referring the plaintiff's motion for sanctions and to compel discovery responses to the magistrate judge [dkt. #22] is **VACATED**, and the motion [dkt. #21] is **DISMISSED as moot**.

                                        s/David M. Lawson  
                                        DAVID M. LAWSON  
                                        United States District Judge

Dated:   November 7, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 7, 2012.

                            s/Deborah R. Tofil  
                            DEBORAH R. TOFIL